UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM A. BURKE,

      Plaintiff,

v.                                          CASE NO. 6:10-cv-1922-Orl-31GJK

HON. JAMES H. EARP, et al.,

      Defendants.

_____

## ORDER OF DISMISSAL

Plaintiff, a prisoner seeking to proceed *pro se*, initiated this action by filing a civil

rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Pursuant to 28 U.S.C. §

1915A(b), courts are required to conduct an initial screening of certain civil suits brought

by prisoners to determine whether the suit should proceed:

> (b)      Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>       (1)      is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>       (2)      seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as

practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco*

*v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A complaint is frivolous if it is without arguable merit either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990).  Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff has brought this action against Maria Vaeth, an Assistant Public Defender; Norman Wolfinger, an Assistant State Attorney; and James H. Earp, a state court judge for the Eighteenth Judicial Circuit Court of Florida (collectively "Defendants").  Plaintiff asserts that Defendants violated his constitutional right to a fair trial.  Specifically, Plaintiff alleges that the State of Florida filed a motion for fingerprints in Plaintiff's criminal case but failed to notify him or his stand-by public defender of the hearing on the motion.  (Doc. No. 1 at 8.)  Thereafter, Plaintiff was taken to court for the hearing at which time he notified Defendant Earp, the presiding judge, that he had not received notice of the hearing, but Defendant Earp required Plaintiff to make legal arguments which Plaintiff could not do given his lack of notice.  *Id.*  Plaintiff asked his stand-by public defender, presumably Defendant Vaeth, for help, and she told him he needed to figure it out himself since he was proceeding pro se.  *Id.* at 8-9.  As a result of Defendants' actions, Plaintiff allowed the State to take his fingerprints.  *Id.*  Plaintiff wants the Court to order his fingerprints to be

redacted from the official record, to grant him a new hearing on the motion, and to put the judge on notice that he cannot take advantage of pro se litigants. *Id.* at 10.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."). Furthermore, prosecutors are immune from suit under section 1983 for acts taken during the course of their duty as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious prosecution, regarding appearances before the court, and stemming from the prosecutor's function as an advocate). As such, Defendants Earp and Wolfinger are cloaked with absolute immunity for the alleged improper activities which were associated with the judicial proceedings or prosecution of Plaintiff's case. *See Allen v. Thompson*, 815 F.2d 1433, 1434-1435 (11th Cir. 1987).

Likewise, "[a]n attorney, whether appointed by the state or privately retained, 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Amaro v. Vedder*, 317 F. App'x 193, 194 (3rd Cir.

3

2009) (quoting *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)); *see also Wilson v. Dollar-Thrifty Auto Group-South Fla Transport*, 286 F. App'x 640, 642 (11th Cir. 2008).  Thus, Plaintiff's claim against Defendant Vaeth must be dismissed.

Furthermore, Plaintiff can raise his challenges relating to the prosecution of his criminal case in his state court proceedings.  Absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings.  *Younger v. Harris*, 401 U.S. 37 (1971).  In addition, because declaratory relief "will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid" federal courts also should not entertain actions for declaratory relief against pending state criminal actions.  *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

Plaintiff has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings.  *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised).  Therefore, it appears that abstention is appropriate as to any claims regarding Plaintiff's pending state criminal charges.  Accordingly, the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

4

1.      This case is **DISMISSED** for failure to state a claim.

2.      The Clerk of the Court is directed to terminate any pending motions and close

this case.

**DONE AND ORDERED** in Orlando, Florida this 4th day of January, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 1/4
William A. Burke